SAO
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**MICHAEL G. TRIPPIEDI, ESQ.**
Nevada Bar No. 13973
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2400 W. Horizon Ridge Parkway
Henderson, NV 89025
Telephone: (702) 477-7774
Facsimile: (702) 477-7778
ranalliservice@ranallilawyers.com
Attorneys for Defendant
WALGREEN CO.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARIA DE LA LUZ MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO., a foreign corporation; DOES I through X, inclusive and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendant. | Case No.: 2:18-cv-01356-JCM-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties in this action hereby submit the following Stipulation and Proposed Protective Order (the "Order") to govern the disclosure of allegedly confidential information in this action:

1. The purpose of this Order is to allow the parties to have reasonable access to information while protecting their confidential information from public disclosure. The parties agree that speedy discovery will be facilitated by the entry of this

1

Order and accordingly stipulate to and petition the Court to enter this proposed Order.

2. As used herein, the term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that a party reasonably and justifiably believes to constitute or contain their confidential information, proprietary business information, their information deemed confidential under federal or state statutes, information protected by the constitutional right to privacy, or other information of a particularly confidential or proprietary business nature.

3. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of Ranalli Zaniel Fowler & Moran, LLC and Heaton & Associates, PLLC.

4. Nothing in this Order shall constitute an acknowledgment by any party that any particular document or information designated as Confidential Information under the provisions herein in fact constitutes legally protected proprietary information, information protected from disclosure by federal or state statutes and regulations, and/or private information. Neither the fact of the

requested designation nor the failure of any other party to object to the designation shall be interpreted or may be cited as creating any presumption or proof of the documents or information as legally protected, confidential, or otherwise protected in any way.

5. Whenever a party or third-party to this action provides to any party to this action material which that party or third-party believes contains, constitutes, or discloses Confidential Information, and should be subject to this Protective Order, such producing party or third-party shall mark each page containing Confidential Information (and only those pages) with a legend substantially as follows: "CONFIDENTIAL." In the case of Confidential Information in a non-paper medium (e.g., videotape, computer disc, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container to give clear notice of the designation.

6. Except by leave of Court, no party shall: (a) use any other party's or third-party's Confidential Information for any purpose other than in connection with the preparation, trial, and appeal, including any retrials, of this action; or (b) disclose any other party's or third party's Confidential Information to any person not authorized to receive it, as provided herein. However, nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents in writing to such disclosure.

7. For purposes of the preparation, trial, and appeal of this action, and subject to this Order, a party may disclose another party's or third-party's Confidential Information marked "CONFIDENTIAL" only to the following "Qualified Persons":

a. Attorneys of record in this litigation, and employees of such attorneys, including litigation support staff and in-house counsel, to whom it is necessary that Confidential Information be disclosed in order to effectuate the attorneys' representation of their respective clients in this action;

b. The parties, or in the case of an entity, designated executives of the entity who are required to participate in policy discussions;

c. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

d. Experts designated or consulted by the parties concerning this action, provided that such expert has completed and signed the "Confidentiality Statement" set forth at the end of this Order;

e. Witnesses, including deponents at a deposition;

f. The Court, court staff, deposition reporters, and videographers;

g. Any other person whom the Court deems necessary to be privy to any Confidential Information, with the party seeking disclosure of Confidential Information to any such person having

4

the burden of proving by a preponderance of the evidence that such disclosure is reasonably necessary, provided that prior to disclosure of any Confidential Information to any such person, each such person has completed and signed a Confidentiality Statement.

8. When material disclosed during a deposition is designated as Confidential Information at the time testimony is given, the reporter shall mark the face of the transcript with "PORTIONS OF THIS TRANSCRIPT ARE DESIGNATED AS CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER," or substantially similar language.

9. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

   a. That deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible; however, failure of counsel to designate testimony of exhibits as confidential on the deposition record shall not constitute a waiver of the confidentiality of the testimony or exhibits, provided that within ten (10) calendar days following the completion and delivery of the deposition transcript to such counsel, counsel shall designate in writing specific portions of the deposition transcript or exhibits as Confidential Information "CONFIDENTIAL"; and

   b. The disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential

Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 7, above.

10. All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth herein and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11. With respect to material designated "CONFIDENTIAL", any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

12. All information which has been designated as "CONFIDENTIAL", by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3 above, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

13. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14.  Upon final termination of this action, including any and all appeals and absent any further stipulation or Court order, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

15.  Nothing in this Order shall restrict a party to this litigation from sharing with other persons any documents or information not obtained through discovery in this action.

16.  If any party to this litigation at any stage of these proceedings disagrees with the designation of any information as Confidential Information, the parties shall first try to resolve such disputes in good faith between themselves.  If the dispute

Amended by the court.

cannot be resolved, the party objecting to the designation of any information as Confidential Information may seek appropriate relief from the Court by way of an ~~ex parte application,~~ or noticed motion ~~if the Court will not address the matter on an ex parte basis,~~ with confidential documents submitted under seal (see # 28), and the party designating information as Confidential Information shall have the burden of proving by a preponderance of the evidence that such designation was proper. However, all parties and persons bound by this Order shall continue to treat the disputed material as Confidential Information until the issue is resolved by the Court.

17. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling

or marking the inadvertently produced materials as "CONFIDENTIAL" - SUBJECT TO PROTECTIVE ORDER.

18. Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person not authorized under this Order, then the disclosing party shall promptly use its best efforts to bind such person to the terms of this Order, and shall promptly inform such person of the provisions of this Order and secure from such person a Confidentiality Statement. The disclosing party shall further promptly notify the party or non-party designating the information as Confidential Information, and disclose the name, address, and telephone number of the recipient of the Confidential Information.

19. This Order is without prejudice to any rights to object to the production of documents or information on any basis, to apply to the Court for a further protective order, to object to any discovery request, or to apply to the Court for an order compelling further discovery.

20. At the time of trial, absent further stipulation or order of the Court, all markings on any documents, depositions or other materials that reference the designation as Confidential Information shall be removed. Alternative steps shall be taken to protect the alleged confidentiality of such items, without disclosing to the jury that any such item has been designated as Confidential Information.

21. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

22. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

23. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Code of Civil Procedure.

24. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently

A-18-770581-C

of the production by the designating party. Prior knowledge must be established.

25. The parties may amend this Order in writing and may seek to have the amendments entered by the Court as part of this Order.

26. This Order, upon entry by the Court, shall bind the parties represented by the undersigned counsel, and the parties' agents, officers, directors, employees, and representatives.

27. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Amended by the court.

28. No document shall be filed under seal unless an appropriate order is entered in accordance with the applicable Rules of Federal Procedure, the Local Rules of Practice, and applicable Ninth Circuit case law.

IT IS SO STIPULATED.

Dated: 11/6/18

HEATON & ASSOCIATES, PLLC

By: _____
JARED F. HERLING, ESQ.
Nevada Bar No. 13350
8670 W. Cheyenne Ave., Ste. 120
Las Vegas, Nevada 89129
Attorney for Plaintiff
MARIA DE LA LUZ MARTINEZ

Dated: 12/31/18

RANALLI ZANIEL FOWLER & MORAN, LLC

By: _____
JAMES F. HOLTZ, ESQ.
Nevada Bar No. 8119
**MICHAEL G. TRIPPIEDI, ESQ.**
Nevada Bar No. 13973
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
Attorneys for Defendant,
WALGREEN CO.

12

A-18-770581-C

# PROTECTIVE ORDER

It appearing to the Court that certain documents and other information subject to discovery in this case contain trade secrets, proprietary information, or other Confidential Information, and that the disclosures of such information outside the confines of this lawsuit could cause serious financial or competitive harm, and consequential damages, including but not limited to lost profits, and it further appearing that counsel for the parties have agreed to the entry of this Order to preserve the confidentiality of these documents and the information of defendants, this Court orders the following protective measures to be implemented in the interest of all the parties and the furtherance of justice and applies to all parties of this lawsuit.

Dated: January 8, 2019

By: _/s/_ 
U.S. Magistrate Judge

### CERTIFICATE OF SERVICE

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC,** and that on the _____ day of oCTOBER, 2018, I caused the foregoing **STIPULATED PROTECTIVE ORDER** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ] by hand delivery to the parties listed below; and/or

[X] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

JARED F. HERLING, ESQ.
**HEATON & ASSOCIATES, PLLC**
8670 W. Cheyenne Ave., Ste. 120
Las Vegas, Nevada 89129
*Attorney for Plaintiff*

_____
**An Employee of
RANALLI ZANIEL FOWLER & MORAN, LLC**

14